IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3148-BO

| | | |
|---|---|---|
| ELI BOSTICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| M.J. LAMB, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Eli Bostick filed this action pursuant to 42 U.S.C. § 1983. The matter comes before the court on defendant Branam's and Defendant Davis' joint motion for summary judgment (D.E. # 18).[1] Plaintiff has responded to the motion, and the matter is ripe for determination. For the following reasons, the motion is granted.

A. Statement of the Facts

Plaintiff is a handicapped individual as the result of an automobile accident in 1985. (Compl.) As a result of the accident, he lost a kidney and has a steel rod in his left leg. (Id.) On June 26, 2009, plaintiff was housed in Cell 24 on the second tier of the Segregation Unit at Pamlico. (Compl.) The steel rod in plaintiff's leg makes it hard for him to walk, and he is supposed to be in a first-floor cell. (Compl.) At approximately 1:00 p.m. on June 26, 2009, defendants Branam and Davis came to plaintiff's cell to escort him to recreation. (Compl.) Defendants handcuffed plaintiff behind his back and attempted to have him walk down a flight of steps. (Compl.) Plaintiff was wearing sneakers with no shoelaces, which is standard procedure for inmates in Segregation.

---

[1]Defendants M.J. Lamb and Dr. Richcard Broadwell were not properly served. The summons was reissued August 24, 2011, and has not yet been returned executed.

(Compl.) Plaintiff tried to take the first step down with no one beside him, fell down about fifteen steps, and landed at the bottom level. (Compl.) He suffered a severely broken arm and back problems. (Comp.)

Pamlico Standard Operating Procedures govern the removal of a segregated inmate from their cell. SOP requires the presence of two correctional staff members. (Ans. Ex. A, Pamlico Standard Operating Procedures, "Administrative/Disciplinary Segregation," Section D.1; Branam Aff. ¶ 8; Davis Aff. ¶ 7.) All inmate movements of this nature must be documented on a DOC Form DC-141 (Ex. A Sec. D.1; Branam Aff. ¶ 8; Davis Aff. ¶ 7.) During such movements, the inmate's hands must be cuffed behind the back, and any deviation from this policy requires prior approval by the shift officer in charge and written documentation. (Ex. A Sec. D.2; Branam Aff. ¶ 9; Davis Aff. ¶ 8.) Standard Operating Procedures permit the use of leg restraints, but prohibit staff from allowing inmates to walk up or down stairs while in leg restraints. (Ex. A Sec. D.6; Branam Aff. ¶ 10; Davis Aff. ¶ 9.)

Defendant Branam reviewed the DOC DC-141 Forms required to document incidents of plaintiff's incarceration in the Pamlico Segregation Unit. The forms show that on approximately twenty-three occasions prior to the fall at issue, plaintiff had been escorted down the steps for recreation without incident. On several of these occasions, Defendant Branam had personally escorted plaintiff. (Branam Aff. ¶ 16.) Defendant Davis also likely escorted plaintiff on one or more of the prior occasions, but due to the lapse of time defendant Davis cannot recall particular dates. (Davis Aff. ¶ 15.)

At no time did plaintiff explain that he was handicapped, could not descend steps safely, or required first-floor housing. Neither defendant has authority to make housing assignments; neither

2

defendant assigned plaintiff to a second-tier cell in the Pamlico Segregation Unit. (Branam Aff. ¶ 18; Davis Aff. ¶ 17.)

B. Motion for Summary Judgment

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation omitted & emphasis removed). A trial court reviewing a summary judgment motion should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. See Matsushita, 475 U.S. at 587.

Defendant asserts qualified immunity which concludes the matter. Government officials are entitled to qualified immunity from civil damages as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The Fourth Circuit has recognized a two-pronged qualified immunity inquiry. First, the court must "decide whether a constitutional right would have been violated on the facts alleged." Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003). Second, assuming the right is violated, "courts must consider whether the right was clearly established at the

3

time such that it would be clear to an objectively reasonable officer that his conduct violated that right." Id. "The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), receded from by, Pearson v. Callahan, _ _ U.S.___, 129 S. Ct. 808 (2009). A court has discretion to decide which step in the two-prong test to analyze first. Pearson, 129 S. Ct. at 821.

A prisoner has a clearly established protected right to be free from an excessive risk to health or safety of which a prison official knows or consciously or intentionally disregards. Farmer v. Brennan, 511 U.S. 825, 835 (1994). A plaintiff must show both "(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.1993) (internal quotation marks omitted). The first prong requires the court to determine whether the deprivation was objectively sufficiently serious, while the second prong requires the court to determine whether the officials acted with a subjectively sufficiently culpable state of mind. Id. (citing Wilson v. Seiter, 501 U.S. 294, 298(1991)). "[D]eliberate indifference entails something more than mere allegation, ... [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835. "It requires that a prison official know of and disregard [an] objectively serious condition, medical need, or risk of harm." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir.1995) (citing Farmer, 511 U.S. at 837). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and

4

he must also draw the inference." Farmer, 511 at 837. Here, defendants did not know that an excessive risk existed. The transfer had occurred approximately 23 times prior to this in the identical way. Furthermore, they were following Standard Operating Procedure in transferring the inmate from his cell to recreation. Likewise, the North Carolina Department of Correction ("DOC") has a compelling governmental interest in maintaining security, discipline, and order. See McRae v. Johnson, 261 Fed. Appx. 554, 558 (4th Cir. 2008) (per curiam) (unpublished); Hines v. South Carolina Dep't of Corr., 148 F.3d 353, 358 (4th Cir. 1998). Defendants are entitled to qualified immunity.

Accordingly, defendants' motion for summary judgment based on qualified immunity is GRANTED (D.E. # 18).

SO ORDERED, this the /2 day of September 2011.

*[signature]*
TERRENCE W. BOYLE
United States District Judge

5

Case 5:10-ct-03148-BO   Document 31   Filed 09/13/11   Page 5 of 5