IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3148-BO

ELI BOSTICK, )
)
        Plaintiff, )
)
v. ) **ORDER**
)
M.J. LAMB, et al., )
)
        Defendants. )

Eli Bostick filed this action pursuant to 42 U.S.C. § 1983. The matter comes before the court on defendant Richard O. Broadwell III's motion to dismiss (D.E. 38).[1] One ground raised in the motion to dismiss is failure to exhaust. (D.E. 38, p. 1, "(3) failure to exhaust his administrative remedies as to Defendant Broadwell" and D.E. 39, p. 3-4 and 10-11). Plaintiff has responded to the motion and seeks a voluntary dismissal for his failure to exhaust. (D.E. 42) The matter is ripe for determination.

The Prison Litigation Reform Act ("PLRA") states, "[n]o action shall be brought with respect to prison conditions [under section 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–86 (2006); see also Jones v. Bock, 549 U.S. 199, 216 (2007) ("[F]ailure to exhaust is an affirmative defense under [42 U.S.C. § 1997e] . . . ."); Anderson v. XYZ Corr. Health

---

[1] The original case named four defendants. (D.E. 1) On September 13, 2011, the court entered an order granting summary judgment for defendants' Branam and Davis. (D.E. 31) At that time, two remaining defendants, M.J. Lamb and Richard O. Broadwell III had not been proper served nor had summons been returned executed. (D.E. 16 and D.E. 21 "Failure to Make Service within 120 Days Notice" to plaintiff). Broadwell has since been properly served (D.E. 32); however, M.J. Lamb has not (D.E. 33).

Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211-212 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). A prisoner must exhaust his administrative remedies, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). The North Carolina Department of Correction has an administrative remedy procedure ("ARP") which governs the filing of grievances. See, e.g., Goulette v. Warren, No. 3:06CV235-1-MU, 2006 WL 1582386 (W.D.N.C. June 1, 2006) (unpublished).

Here, defendant Broadwell raises failure to exhaust as a defense to the suit. Plaintiff concedes he has failed to exhaust and seeks a voluntary dismissal. Defendant Broadwell, however, responds that a voluntary dismissal is not appropriate "[g]iven the Defendant Broadwell has asserted grounds, other than Plaintiff's failure to adequately assert facts in his Complaint that he exhausted his administrative remedies, that should lead to a dismissal of Plaintiff's Complaint ." (D.E. 43, p. 1). The court finds that given exhaustion has been raised as a defense to the suit, that exhaustion is mandatory, and plaintiff concedes he has failed to exhaust, the case is properly dismissed for failure to exhaust.

Accordingly, defendant Broadwell's motion to dismiss is GRANTED (D.E.38) for failure to exhaust. The dismissal is WITHOUT PREJUDICE. The motion for voluntary dismissal based on exhaustion is MOOT. (D.E. 42) Lastly, M.J. Lamb is DISMISSED from the suit. On December 15, 2010, the summons for M.J. Lamb was returned unexecuted (D.E. 16). On July 29, 2011, a court order directed the North Carolina Attorney General to provide the address, if known, and to provide it under seal if appropriate (D.E. 27). The North Carolina Attorney General responded under seal (D.E. 29), the summons was reissued (D.E. 30), and again returned unexecuted (D.E. 33). Thus,
2

Case 5:10-ct-03148-BO   Document 44   Filed 07/27/12   Page 2 of 3

M.J. Lamb is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 4(m). The case is CLOSED.

SO ORDERED, this the ___ day of July 2012.

*[signature]*
TERRENCE W. BOYLE
United States District Judge

3

Case 5:10-ct-03148-BO   Document 44   Filed 07/27/12   Page 3 of 3